HENRY C. MOORE, d. b. a., *vs.* FRANK H. DAVIS, Administrator of WILLIAM F. DAVIS, deceased, p. b. r.

JUSTICES OF THE PEACE—JURISDICTION—"OBLIGATION".

Under *Rev. Code* 1852, amended to 1893, *p.* 740, *c.* 99, § 1, providing that justices of the peace shall severally have jurisdiction of actions arising on obligations or express or implied contracts, when the matter in demand shall not exceed two hundred dollars, a judgment recovered by plaintiff's intestate before a justice of the peace, filed, after execution returned unsatisfied, with the prothonotary of the Superior Court for the county, said judgment becoming by statute a judgment of such Superior Court, was not such an "obligation" as could be enforced by an action of debt brought before a justice; judgments of the Superior Court not being within the contemplation of the statute (citing *Words and Phrases, Obligation*).

(*February* 22, 1915.)

PENNEWILL, C. J., and BOYCE and RICE, J. J., sitting.

*James M. Satterfield* and *W. Watson Harrington* for defendant below.

*Henry Ridgely* and *George M. Fisher* for plaintiff below.

Superior Court, Kent County, February Term, 1915.

APPEAL (No. 1, July Term, 1914) from a judgment rendered by a Justice of the Peace in Kent County in an action of debt on what is in effect a judgment entered in the Superior Court of said county.

William F. Davis, in his lifetime, recovered a judgment before a justice of the peace in said county against Henry C. Moore. Subsequently, and after execution and return of *nulla bona* thereon, a duly certified transcript of the docket entries of the judgment and execution was filed in the office of the prothonotary of the said court, and the same was duly entered by the prothonotary in his judgment docket, in accordance with the statute in that behalf.

The entry of the transcript filed made the judgment secured before the justice a lien on any real estate of the debtor in said county; that is, made it in effect a judgment of said Superior Court to be executed and enforced in the same way as judgments of said court.

Frank H. Davis, administrator of the said William F. Davis,

deceased, afterwards brought an action of debt on said lien or judgment before a justice against the said Henry C. Moore, and judgment was entered by the justice for the plaintiff. Moore appealed therefrom to said Superior Court.

The cause coming on to be tried before a jury, counsel both for the appellant and the appellee admitted the facts stated, and that the judgment had not been paid, but is still outstanding.

Counsel for the appellant contended that the justice did not have jurisdiction of the cause of action; that the judgment rendered by him is a nullity; and that the Superior Court on the appeal is without jurisdiction. No other question was presented; and upon the announcement of the opinion following, the court by consent of counsel directed a verdict for the defendant below, appellant, for costs.

*Section 62, Chapter* 111, *Revised Code of* 1893 *p.* 845, referred to in the opinion, reads:

"An execution may be issued upon a judgment recovered before a justice of the peace, and of which a transcript shall have been filed and entered in the Superior Court, * * * at any time within five years from entering the transcript, * * * without *scire facias.* * * *"

## ARGUMENT OF COUNSEL FOR APPELLEE.

The present case raises a different question from that presented in *Johnson v. Hayes*, 3 *Harr.* 486. In that case the court considered that the provisions of the statute relative to *scire facias* proceedings on a judgment of a justice of the peace were exclusive. The remedy by *scire facias* on a judgment entered in the Superior Court is not exclusive, but on the contrary the judgment creditor has his election to proceed either by an action of debt on such judgment or by *scire facias*. *Stewart v. Peterson's Ex'r*, 63 *Pa.* 230; *Denison v. Williams*, 4 *Conn.* 402; *Clark v. Goodwin*, 14 *Mass.* 237; *Wilson v. Hatfield*, 121 *Mass.* 551.

The jurisdiction of justices of the peace conferred by the statute is couched in broadest terms. It includes "obligations," "contracts," "promises, express or implied," for the payment of money, etc. It is broad enough to include a judgment entered in the Superior Court. We contend that *Johnson v. Hayes* is

authority for our contention that judgment does constitute a cause of action within the jurisdictional language of the statute concerning justices of the peace.

In *Green v. Pennel*, 4 *Houst.* 542, the cause of action was stated thus:

"Action of debt on record. Demand $5.30."

The exception was:

"That the cause of action was not sufficiently stated, as it did not appear what or where the record referred to was or whether the debt demanded was on a judgment, a recognizance, or a mortgage."

The court reversed the judgment. If an obligation of record, such as a judgment, does not fall within the jurisdiction of a justice of the peace, the court would certainly have so stated and reversed the judgment below on that ground.

*Graham v. Grigg and Meredith*, 3 *Harr.* 408, was an action brought before a justice of the peace on a judgment recovered before a justice of the peace in Pennsylvania. On appeal the defendant below pleaded *nil debet*. The plaintiff below demurred, which was overruled. Both the court and the attorneys obviously considered that an action on a judgment is within the jurisdiction of a justice of the peace. We consider that this case is a direct authority for our contention. It also serves to show that the ruling in *Johnson v. Hayes* is to be restricted to a case where the action before the justice of the peace is on a judgment entered by a justice of the peace of another county in Delaware. *Ames v. Hoy*, 12 *Cal.* 11, is an action on a decree had in the district court.

*Stuart v. Lander*, 16 *Cal.* 372, 76 *Am. Dec.* 538, is an action before a justice of the peace on a judgment before another justice of the peace. Held, that judgments are contracts by specialty, and they are so treated by the authorities generally. *Chitty on Cont.* 2; 1 *Par. on Cont.* 7; *Gutta Percha and Rubber Mfg. Co. v. Mayor, Alderman and Inhabitants of the City of Houston*, 108 *N. Y.* 276, 15 *N. E.* 402, 2 *Am. St. Rep.* 412.

*Kingsland v. Forrest*, 18 *Ala.* 519, 52 *Am. Dec.* 232, is an action of debt on judgment. Defendant pleaded that original judgment in full force. Demurrer to plea. Held, that the statute does not take away the common-law right to sue in debt on the judgment.

It only gives the plaintiff the remedy by execution to coerce the payment of the judgment, if he sees proper to use it, but was not intended to deprive him of his action of debt. *Gardner, Administrators, v. Henry*, 5 *Col.* (*Tenn.*) 458; *Albin v. People*, 46 *Ill.* 372; *Olive Howard v. Appollos Howard*, 15 *Mass.* 196.

In *Moore v. Nowell*, 94 *N. C.* 265, it was held that judgments possess the quality of engagement, by implication and force of law, on the part of the judgment debtor, to pay the sum of money adjudged to be due the judgment creditor. It is said that contracts or obligations *ex contractu* are of three descriptions, and they may be classed, with reference to their respective orders or degrees of superiority, as follows: (1) Contracts of record; (2) specialties; (3) simple contracts.

*Johnson et al. v. Butler*, 2 *Clarke* (2 *Iowa*) 545, is an action on judgment. Attachment proceedings. The statute prescribed the conditions upon which attachment might be had in suits arising out of contracts. Held a judgment would fall within this term.

In *Childs v. Harris Mfg. Co.*, 68 *Wis.* 231, 32 *N. W.* 43, the narr. contained two counts—one, upon a judgment; and the other, upon express contract. The statute authorizing joinder of causes of action restricted it to those arising out of a contract, express or implied. Narr. held good.

In the *Matter of Drake*, 151 *App. Div.* 163, 135 *N. Y. Supp.* 145, there is always on the part of the judgment debtor an obligation or promise, implied by law to pay the judgment. Also, in the *Matter of Whitney v. Kitchen*, 146 *App. Div.* 45, 130 *N. Y. Supp.* 629.

### ARGUMENT OF COUNSEL FOR APPELLANT.

The basis of the action before the justice of the peace was a judgment in the Superior Court.

The statute conferring jurisdiction upon the justice of the peace in civil cases. *Revised Code of* 1893, 740.

The justice of the peace did not have jurisdiction in this case because a judgment does not come within any of the provi-

sions of the statute. A judgment is not an obligation. *O'Brien v. Young*, 95 *N. Y.* 428, 47 *Am. Rep.* 64 (1884).

In *Words and Phrases, Vol.* 6, *page* 4878, is quoted:

"The word 'obligation' ordinarily means a bond, containing a penalty with a condition for the payment of money, or to do and suffer some act and thing."

See also *Id. pp.* 4879, 4881; *Elassar v. Haines*, 52 *N. J. Law*, 10-23, 18 *Atl.* 1095.

Nor is a judgment a contract. *Sprott v. Reid*, 3 *G. Greene (Iowa)* 489, 494, 56 *Am. Dec.* 549; *Williams v. Waldo*, 4 *Ill.* (3 *Scam.*) 264 (269); *Ryan v. Southern Mutual B. & L.*, 50 *S. C.* 185, 27 *S. E.* 618, 62 *Am. St. Rep.* 831; *Wyoming National Bank v. Brown*, 7 *Wyo.* 494, 53 *Pac.* 291, 75 *Am. St. Rep.* 935; *Keith v. Estill*, 9 *Port.* (*Ala.*) 669; *Johnson v. Martin*, 54 *Ala.* 271, 273; *Bidleson v. Whytel*, 3 *Burr.* 1548.

Jurisdiction of justices of the peace depends entirely upon the statute which is always strictly construed. *Carey v. Russell*, 2 *Harr.* 280; *Woodruff v. Woodruff*, 3 *N. J. Law* (2 *Pennington*) *552; *Lewis' Sutherland, Statutory Construction*, §§ 564 and 686, *page* 1249, *note* 1.

This court has already held that a justice of the peace has no jurisdiction over a suit on a foreign judgment. *Baldwin v. Coyle*, 7 *Houst.* 327. See also *Johnson v. Hayes*, 3 *Harr.* 486.

RICE, J., delivering the opinion of the court:

The single question presented is whether the justice of the peace had jurisdiction.

*Section* 1, *Chapter* 99, *Revised Code* 1893, provides that:

"The justices of the peace shall severally have jurisdiction, within their respective counties, of all causes of action arising from obligation, or express or implied promise, or contract, * * * where the matter in demand shall not exceed two hundred dollars."

The appellee contends that the judgment entered in the Superior Court and sued upon in this case is an obligation or contract within the contemplation of the terms of the statute.

The court are of the opinion that a judgment of the Superior

Court is not within the contemplation of the statute conferring jurisdiction on justices of the peace in civil actions. *Baldwin v. Coyle*, 7 *Houst.* 327.

And moreover we believe that the reasoning of the court in the case of *Johnson's Ex'r v. Hayes*, 3 *Harr.* 486, in reference to *section* 30, *c.* 99, *p.* 958, *Rev. Code*, is applicable to the present case considered in connection with *section* 62, *c.* 111, *p.* 845, *Revised Code of* 1893.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—It is agreed in this case that you shall render a verdict for the defendant below, appellant, for costs, and that will be your verdict.

Verdict for defendant below for costs.